# CONTINUATION OF
# APPLICATION FOR A SEARCH WARRANT

I, Special Agent Joshua White, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this continuation in support of an application for a search warrant authorizing the collection of a Deoxyribonucleic Acid (DNA) sample for Darnell Donte RISPER (RISPER), more fully described in Attachment A, by collecting oral (buccal) swab samples according to the standard practices and procedures employed by the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) for DNA testing as described in Attachment B. This continuation is made in support of an application for a search warrant under Federal Rule of Criminal Procedure 41.

2. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and I have served as such since July 2022. Prior to serving as an ATF Special Agent, I was employed by the United States Secret Service as a Uniformed Division Officer for three and a half years. My daily responsibilities while serving were to screen passholders and appointments who had access to the White House Grounds, assist with protectee movements onto and off of the White House Complex, and enforce D.C. Code as well as Federal Law, including firearms-related offenses. I have completed the Federal Law Enforcement Training Center (FLETC) Uniformed Police Training program (UPTP) and the Criminal Investigator Training Program (CITP) with a total combination of over 800 hours of classroom and practical

training. I have completed ATF's Special Agent Basic Training (SABT) academy with over 500 hours of classroom and practical training. I am presently assigned to ATF's Lansing Office where I am tasked with investigating violations of firearms and narcotics laws.

3. The collection of the DNA samples will be accomplished in a manner that is minimally intrusive and poses no risk of harm. Specifically, I, or another law enforcement official, will obtain RISPERS' DNA by inserting a buccal (oral) swab(s) into his mouth and running each swab along the inside of his cheeks and the inside of his lips.

4. The statements in this continuation come from my personal observations, my training and experience, my review of relevant records related to this investigation, and information obtained from other agents and witnesses. This continuation is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

5. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that RISPER committed a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm, on or about March 30, 2024. Additionally, there is probable cause to believe the requested DNA samples will yield evidence that RISPER engaged in the aforementioned federal crime.

**PROBABLE CAUSE**

6. On or about March 30, 2024, Michigan State Police conducted a traffic stop on a vehicle near the area of Simken Drive and Holmes Road in Lansing,

Michigan. The vehicle involved in the traffic stop did not immediately stop and continued to drive south on Simken Drive. The vehicle eventually pulled into a private drive and, while doing so, failed to use their turn signal.

7. Once the vehicle stopped, troopers approached the vehicle and made contact with the driver. Troopers were able to identify the driver to be Darnell Donte RISPER via his Michigan Driver's License. As police were talking with RISPER, RISPER began to exhibit nervous behavior. Because of this behavior, troopers asked RISPER to step out of the vehicle and asked to search his person, which RISPER consented to.

8. As RISPER was exiting the vehicle and a consent search of RISPER was being conducted, troopers observed a pistol underneath the driver's seat of RISPER's vehicle in plain view.

9. Troopers recovered the pistol and ran a LIEN check; it was a Taurus G3 and returned stolen.

10. RISPER was arrested for Carrying a Concealed Weapon and was lodged at the Lansing City Jail.

11. In a recorded jail call made the day following his arrest, RISPER told the other person on the phone that he "ain't even reali—[he] forgot all about that shit, man." In another recorded jail call a few days later, RISPER said, "…my only mistake is, is I forgot to take that motherfucker in the house…"

12. A computerized criminal history check of RISPER revealed that he has the following prior felony convictions:

   a. 10-16-2014 – Felony Assault with Intent to do great bodily harm less than murder or strangulation;

   b. 9-16-2022 – Felony Weapons – Firearms – Possession by Felon; and

   c. 4-26-2023 – Felony Weapons – Firearms – Possession by Felon.

13. RISPER is currently detained at the Newaygo County Jail, which is within the Western District of Michigan.

14. Based on the above described conduct, a grand jury returned an indictment on August, 28, 2024, charging RISPER with Felon in Possession of a Firearm and Ammunition. (1:24-cr-00124).

15. Based on the facts above, there is probable cause to believe that evidence of RISPER' DNA will be found on the Taurus G3 pistol (s/n ACE929907), further proving that he unlawfully possessed the firearm.

### DNA TESTING AND THE COLLECTION OF DNA SAMPLES

16. Based on my training and experience, including discussions with other law enforcement officers, I know that there are two sources of DNA used in forensic analyses. Nuclear DNA (nDNA) is typically analyzed in evidence containing blood, saliva, body tissue, and hairs that have tissue at their ends. Mitochondrial DNA (mDNA) is typically analyzed in evidence containing naturally shed hairs and hair fragments. When DNA evidence is transferred by direct or secondary (indirect) means, it remains on surfaces by absorption or adherence. In general, liquid biological evidence is absorbed into surfaces and solid biological evidence adheres to an object. Current DNA tests are so sensitive that they can type the DNA found in samples

containing only a few cells. Merely touching an object may leave enough DNA material that a forensic analysis will be able to match the object to the person who touched it.

17. Buccal swabs provide the least invasive way to conduct DNA testing. A buccal swab is a cotton-tipped applicator that will be used to collect cheek cells from inside a person's mouth. The lab will then extract a person's DNA profile from the buccal swab, which will then be used for comparison purposes to the profile(s), if any, ultimately extracted from swabs collected from other evidence.

18. I propose to take the DNA samples sought herein in an entirely non-intrusive manner. Specifically, I seek to take "buccal," or cheek swabs from the inside of RISPERS' mouth by using cotton-tipped applicators (similar to a Q-tip) to rub the inside of RISPERS' cheeks. The buccal swabs take moments, involves no risk to health, "no risk, trauma, or pain," and may be conducted at the Newaygo County Jail or in any other secure location.

19. I have been informed by the United States Attorney's Office that it is well settled that the Fifth Amendment privilege against self-incrimination does not preclude the use of one's body as evidence. *Schmerber v. California*, 384 U.S. 757, 765 (1985); *Wilson v. Collins*, 517 F.3d 421, 431 (6th Cir. 2008); *Mcveigh v. Smith*, 872 F.2d 725, 727-28 (6th Cir. 1989). I have also been informed that procedures such as these do not implicate the Sixth Amendment. *See, e.g., McVeigh*, 872 F.2d at 727.

20. Your affiant seeks to compare the DNA of RISPER obtained under the authority of this search warrant to any DNA obtained collected from the Taurus G3 pistol recovered from the scene on or about March 30, 2024.

## **CONCLUSION**

21. I submit that there is probable cause to issue the requested warrant. Based on these facts, I have probable cause to believe that RISPER violated 18 U.S.C. § 922(g)(1), felon in possession of a firearm, and a DNA sample from RISPER will yield evidence of his involvement of that offense.